# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ALLEN OWENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-2616-CDP |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me upon petitioner's response to my October 16, 2017 order directing him to show cause why his petition should not be dismissed as untimely. After reviewing and considering petitioner's response, I conclude that the petition is subject to dismissal because it is barred by the statute of limitations, and neither the doctrine of equitable tolling nor 28 U.S.C. § 2244(d)(1)(D) apply. I will therefore dismiss the petition without further proceedings.

### Background

As set forth in detail in my October 26, 2017 order, petitioner filed the instant petition after the expiration of the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Briefly, however, the relevant dates are as follows. The one-year period within which petitioner had to file a petition for writ of habeas corpus commenced on June 1, 2013. The limitations period was tolled from November 4, 2013 (the date petitioner filed his motion for post-conviction relief) through November 30, 2016 (the date the Missouri Court of Appeals issued its mandate denying petitioner's appeal thereof). Because 156 days had elapsed between the date petitioner's conviction became final and the date he filed his post-

conviction motion, he had not later than June 27, 2017 to file the instant petition. However, he did not file it until October 15, 2017.

In my October 26, 2017 order, I directed petitioner to show cause why his petition should not be dismissed as untimely. In response, petitioner does not argue that his petition was in fact timely. Instead, he asks for "leave for failing to file in a timely manner," and he states that "equitable tolling is afforded in extraordinary circumstances and this is one of those instances." (Docket No. 5 at 2). In support, petitioner argues that his post-conviction attorney gave him bad advice regarding when to file the petition, and he also contends that some of his claims rest upon new evidence.

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal habeas petition to be filed within one year after the petitioner's state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Section 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *see also Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). There are two tests for determining when equitable tolling is appropriate: (1) if petitioner was diligently pursuing his rights and "extraordinary circumstances" beyond his control stood in his way and prevented timely filing, *Holland*, 560 U.S. at 649, or (2) if the government's conduct "lulled" the petitioner into inaction through reliance on that conduct. *U.S. v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). Equitable tolling is "an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805.

Petitioner first contends that his post-conviction attorney told him that he had one year "to file an appeal in federal court to contest the state appellate court's decision, which was dated November 30, 2016, inferring the filing deadline to be November 30, 2017," and that he "made a

2

good-faith effort and acted with due diligence to meet the deadline in accordance with the information provided by his PCR counsel." (Docket No. 5 at 1). I will assume, for the sake of argument, that petitioner was diligently pursuing his rights. However, "attorney negligence is not an extraordinary circumstance warranting equitable tolling." *Holland*, 560 U.S. at 655; *see also Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (In general, ineffective assistance of counsel does not warrant equitable tolling). In addition, there is no constitutional right to counsel in seeking state post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

In *Lawrence v. Florida*, 549 U.S. 327 (2007), the Supreme Court expressly rejected a petitioner's argument that his attorney's mistake in calculating the limitations period amounted to extraordinary circumstances justifying equitable tolling. In so holding, the Court wrote: "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Id.* at 336-37. The rationale for this conclusion, the *Holland* Court later explained, is that the mistakes of counsel are constructively attributed to his or her client, at least in the post-conviction context. *Holland*, 560 U.S. at 656.

The Eighth Circuit has also recognized that counsel's confusion about, or mistake in calculating, the AEDPA's statutory provisions does not constitute extraordinary circumstances external to petitioner justifying equitable tolling:

> We agree with those courts that have found that counsel's confusion about the applicable statute of limitations does not warrant equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (lawyer's innocent mistake in interpreting AEDPA's statutory provisions does not constitute extraordinary circumstances external to petitioner justifying equitable tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (attorney's miscalculation of limitations period not a valid basis for equitable

3

tolling).

*Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

For the foregoing reasons, I conclude that petitioner's post-conviction attorney's advice regarding the statute of limitations does not amount to an extraordinary circumstance justifying the application of equitable tolling. In addition, petitioner does not allege, nor does the record suggest, that the state lulled him into inaction, and it cannot be said that petitioner's failure to file the instant petition within the one-year AEDPA statute of limitations is attributable to the state. *See Holland*, 560 U.S. at 656 (mistakes of counsel are constructively attributed to his or her client, at least in the post-conviction context).

Petitioner next contends that the untimeliness of his petition should be excused because some of his claims rest upon new evidence. Plaintiff identifies this evidence as the recanted deposition testimony of state's witness William Owens, Jr., and "psychological evaluations by two doctors" that show petitioner suffered from a mental and emotional disorder that caused dissociation during the offense. (Docket No. 5 at 1). Petitioner does not identify the doctors or the reports. Attached to the petition is an April 11, 2011 psychiatric evaluation prepared by one A.E. Daniel, M.D. (Docket No. 1, Attch. 1 at 2-12), a copy of deposition corrections and a signature page signed by William Owens, Jr. on April 28, 2014 (*Id.* at 24-25), a copy of a May 13, 2014 letter to petitioner from his attorney in which the attorney acknowledged receiving petitioner's April 25, 2014 letter explaining that his son was recanting his deposition testimony (*Id.* at 39), and a copy of a May 13, 2014 letter to petitioner from his attorney, forwarding Owens, Jr.'s deposition corrections and signature page. (*Id.* at 41). Petitioner contends that the evidence was not considered during his state court proceedings because neither his trial attorney nor his post-conviction attorney submitted it.

New evidence can sometimes affect the computation of the AEDPA's limitations period. See 28 U.S.C. § 2244(d)(1)(D) (statute of limitations does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). However, when new evidence was known before the statute of limitations expired, the statute of limitations is not tolled pursuant to § 2244(d)(1)(D). *Grauberger v. Dooley*, 2011 WL 4477323, *5 (D. Minn. Jun. 7, 2011) (citing *Jackson v. Symmes*, 2008 WL 1733122, *3 (D. Minn. Apr. 10, 2008)).

Here, petitioner makes no attempt to argue that he was unaware of any of the "new" evidence before the limitations period expired. In fact, the exhibits petitioner filed support the conclusion that he knew of the recanted deposition testimony in May 2014 at the latest, as that is when petitioner's attorney sent him Owens, Jr.'s corrections and signature page. The exhibits also document that the psychological evaluation report existed as of April 11, 2011, and petitioner does not allege that he was unaware of it then. Accordingly, I conclude that the evidence petitioner identifies as new was actually known to him prior to June 27, 2017, the date the statute of limitations expired. Therefore, to the extent petitioner seeks to invoke the factual predicate exception outlined in 28 U.S.C. § 2244(d)(1)(D), he raises no new facts that were not known to him prior to the expiration of the statute of limitations. Furthermore, petitioner has alleged no proper grounds for equitable tolling. He has not demonstrated that he was diligently pursuing his rights and some extraordinary circumstance stood in his way, nor does he allege that the state lulled him into inaction.

Therefore, for all of the foregoing reasons, I conclude that the petition is untimely, and I will dismiss it as such.

I have considered whether to issue a certificate of appealability. When a federal court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue when the prisoner shows that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, a plain procedural bar is present, and petitioner has failed to make an arguable claim for equitable tolling. As a result, petitioner is not entitled to a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner William Allen Owens's petition for writ of habeas corpus is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 6th day of December, 2017.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE